

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

ATTN: Mr. L. J. Gittinger

Dear Sir:

Opinion No. 0-6728

Re: Whether S. B. 246 or H. B. 849,
Acts 49th Legislature, Regular
Session, 1945, applies to Bexar
County.

We acknowledge receipt of your opinion request as to whether S. B. 246 or H. B. 849 determines the salaries of officials of Bexar County. Both of these bills were enacted this year by the 49th Legislature, and both are applicable by their terms to Bexar County. Senate Bill 246 passed both Houses of the Legislature by a record vote of more than two-thirds of each House and was filed in the office of the Secretary of State on the 2nd day of June, 1945. House Bill 849 was passed by the House by a record two-thirds vote but was passed by the Senate by a viva voce vote. It was filed in the office of the Secretary of State on the 30th day of May, 1945. Both bills were filed by the Governor without his signature. Both bills fix the salaries of the same county officers, and they are irreconcilable insofar as they both apply to Bexar County.

Section 39 of Article 3 of the Texas Constitution provides:

"No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each House, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

By reason of this provision, H. B. 849, which was enacted in May, 1945, will not become effective until ninety days after adjournment of the 49th Legislature, which is September 4, 1945, because there was no record vote on final passage of the bill in the Senate. On the other hand, S. B. 246 became effective on June 2, 1945, when it was filed with the Secretary of State, because it contained an emergency clause, and it was passed by a record vote

Honorable John R. Shook, page 2

of two-thirds of the members of each House. The question, then, is whether the latest expression of the Legislature repeals a former law insofar as the two are in conflict, even though the former law has not yet become effective as a law. It is stated in Texas Jurisprudence that "where two acts passed at the same session cannot be reconciled by any known rule of construction, the first in time or position must give way to the last, which will stand as the final expression of the legislative will." (39 Texas Jurisprudence, 147)

In our opinion No. 0-5891, issued May 30, 1944, we said:

"As the latest expression of the Legislative will prevails, the statute last passed will prevail over a statute passed prior to it, irrespective of whether the prior statute takes effect before or after the later statute. People vs. Kramer, 328 Ill. 512, 160 N. E. 60 (1928); Newbauer vs. State, 200 Ind. 118, 161 N. E. 826 (1928); State vs. Schaumburg, 149 La. 470, 89 So. 536 (1921); State v. Marcus, 34 N. M. 378, 281 Pac. 454 (1929); Winslow vs. Fleischner, 112 Ore. 23, 228 Pac. 101, 34 A. L. R. 826 (1924); Buttorff vs. York, 268 Pa. 143, 110 Atl. 728 (1920)."

You are, therefore, advised that in our opinion S. B. 246 repeals H. B. 849 insofar as the two acts are in irreconcilable conflict.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Fagan Dickson_
Fagan Dickson
Assistant

APPROVED JUN 21, 1945

FD/JCP